UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **KAREN EDWARDS,** an individual<br><br>Plaintiff, | | Case No. 8:17-cv-266 |
| v. | | |
| **THE URBAN LEAGUE OF NEBRASKA, INC.**, a Nebraska Non Profit corporation<br><br>Defendant. | | **COMPLAINT**<br><br>JURY DEMAND |

## INTRODUCTION

1. Karen Edwards ("Ms. Edwards") worked as Director of Employment & Career Services at The Urban League of Nebraska, Inc. ("Urban League") in Omaha, Nebraska. Ms. Edwards, a black female started working at Urban League on December 7, 2012 and continued until her termination on September 8, 2016. Urban League's management has subjected Ms. Edwards to hostile treatment and discrimination on several prohibited bases.

2. Urban League's treatment of Ms. Edwards started to deteriorate in 2013 when she informed Urban League's Chief Executive Officer, Thomas Warren, that Urban League was violating state labor laws concerning wages, comp time hours worked, and overtime. She continued to advise him of other violations, despite his clear indication he did not appreciate her comments.

3. In May 2015, Ms. Edwards applied for a promotion to the position of Director of Youth and Education. Urban League awarded the position to Tyrone Marshall, a 33-

year old Urban League employee who had far less experience than Ms. Edwards. He immediately was awarded the title of Director of Education.

4.      One month later, during June 2015, when Ms. Edwards applied for the position of Director of Youth and Education, she was assigned the duties and responsibilities but not promoted to a director position. Instead, Urban League initially changed her title to Coordinator of Career Service. She did all the work associated with the director position for which she applied, but Urban League withheld her title and c commensurate compensation until December 2015.

5.      On October 29, 2015, while at an Urban League sponsored event, Ms. Edwards learned a close family friend had committed suicide. She asked her supervisor for permission to leave but her request was denied. Ms. Edwards took her request to Mr. Warren. He responded by saying, "We need to pray about the situation." Ms. Edwards informed him she was an atheist and does not pray. In response, he stated, "Well, that explains everything." He told Ms. Edwards Urban League is a religious organization – which it is not. She told Mr. Warren she believed Urban League was using religion to suppress its African American employees.

6.      Four months later, on February 29, 2016, Urban League supervisor Marilyn Sims placed Ms. Edwards on a six-month performance improvement plan ("PIP"). Ms. Sims failed to take into consideration that Ms. Edwards received no training for the programs at issue and she had no control over the programs for which the PIP was put in place.

7.      Ms. Edwards has also suffered daily effects of discriminatory treatment in other aspects of her employment at Urban League.

8. Ms. Edwards dual filed a charge of discrimination with the Nebraska Equal Opportunity Commission ("NEOC"), NEB 1-16/17-8-48164-RD, and the Equal Employment Opportunity Commission ("EEOC"), 32E-2016-00718. Ms. Edwards' Right to Sue letter is attached as Exhibit A to this Complaint.

## **VENUE & JURISDICTION**

9. This matter arises under federal and state law. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 based on Ms. Edwards's federal claims in this Complaint. This Court has supplemental jurisdiction of the Nebraska state law claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this district pursuant to 28 U.S.C § 1391(b)(2), because the acts forming the basis for this Complaint were orchestrated from, planned in and conducted in this District.

## **PARTIES**

11. Ms. Edwards is a citizen and resident of Omaha, Nebraska. She is an African-American female. She is employed by Urban League at its Omaha facility.

12. Urban League is a Nebraska Nonprofit corporation doing business at 3040 Lake Street, Omaha, NE 68111.

## **HARASSMENT & DISCRIMINATION AT URBAN LEAGUE**

13. Since being hired, Ms. Edwards has been discriminated against based on her race, color, sex and religion in violation of Title VII of the Civil Rights Act of 1964, as

Amended, and Section 48-1104 of the Nebraska FEPA. According to Title VII of the Civil Rights Act of 1964,

> It shall be an unlawful employment practice for an employer –
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion [or] sex;
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion [or] sex; race.
>
>     1. U.S.C. § 2000e-2.

14. Similarly, Nebraska's FEPA provides:

> It shall be an unlawful employment practice for an employer:
> (1) To fail or refuse to hire, to discharge, or to harass any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion [or] sex.
>
> Neb. Rev. Stat. § 48-1104(1).

15. Ms. Edwards's employment, and her success as a Director, have been met with distaste and blame. Urban League's CEO and management treated her as a pariah and sanctioned harassment of Ms. Edwards in direct contravention of federal and state employment statutes. *See, e.g.,* 42 U.S.C. §§ 2000e-2, Neb Rev. Stat. §§48-1104, 1004.

## FIRST CLAIM

### RACE/COLOR DISCRIMINATION BY URBAN LEAGUE
### IN VIOLATION OF TITLE VII & NEBRASKA FEPA
**(42 U.S.C. § 2000e-2; Neb. Rev. Stat. § 48-1104 *et seq.*)**
**(43**

16. Ms. Edwards incorporates by reference paragraphs 1-15, inclusive, as if fully set forth.

4

17. Urban League denied to Ms. Edwards the same opportunity for training as it provides to its white employees.

18. There is no legitimate basis justifying Urban League's decision to deny Ms. Edwards the opportunity to receive training because she is a black, African-American employee.

## SECOND CLAIM

### RELGIOUS DISCRIMINATION BY URBAN LEAGUE IN VIOLATION OF TITLE VII & NEBRASKA FEPA (42 U.S.C. § 2000e-2; Neb. Rev. Stat. § 48-1101 *et seq.*)

19. Ms. Edwards incorporates by reference paragraphs 1-18, inclusive, as if fully set forth.

20. When Ms. Edwards requested time off to comfort her daughter after the recent death of her friend, Urban League denied Ms. Edwards' request and told her she needed to "pray about it." Ms. Edwards told Mr. Warren she was an atheist and did not pray, to which Mr. Warren responded, "Well that explains everything," referring to his constant disagreements with Ms. Edwards.

21. Mr. Warren told Ms. Edwards Urban League is a religions organization. It is not. Ms. Edwards told Mr. Warren that Urban League was using religion to suppress its Black employees.

22. After Ms. Edwards spoke up about the fact that she is not religious, Urban League's mistreatment of her intensified.

## THIRD CLAIM

## SEX DISCRIMINATION BY URBAN LEAGUE IN VIOLATION OF TITLE VII & NEBRASKA FEPA
**(42 U.S.C. § 2000e-2; Neb. Rev. Stat. § 48-1104 *et seq.*)**

23. Ms. Edwards incorporates by reference paragraphs 1-22, inclusive, as if fully set forth.

24. Urban League's demeaning, disrespectful and harassing conduct was a regular component of Ms. Edwards's day-to-day work environment. Urban League management knew of and perpetrated the harassment, in direct contravention of 42 U.S.C. § 2000e-2 and §48-1104.

25. Ms. Edwards was doing her job responsibilities well, but when she applied for a promotion, Urban league promoted a less experienced male to the position for which she applied.

26. The male employee who was promoted was immediately given the title of "Director." When Ms. Edwards applied for a Director position, she was required to wait over six (6) months for her title to be changed from Manager to Director. She also waited six (6) months for Urban League to adjust her pay to the Director level, although she was doing Director level duties the entire six (6) months.

27. There is no legitimate basis justifying Urban League's discriminatory treatment of Ms. Edwards because she is female.

## FOURTH CLAIM

### RETALIATION BY URBAN LEAGUE – IN VIOLATION OF TITLE VII & NEBRASKA FEPA
### (42 U.S.C. § 2000E-2; Neb. Rev. Stat. § 48-1101 *et seq.*)

28. Ms. Edwards incorporates by reference paragraphs 1-27, inclusive, as if fully set forth.

29. Ms. Edwards reported several violations of Nebraska and federal laws during her employment with Urban League. *See, e.g.,* ¶2*, supra*. Urban League failed to address and resolve the issues. Urban League took no affirmative action to rectify the illegal acts that continued in the workplace. Instead, Urban League retaliated against Ms. Edwards by refusing to provide her the title and compensation to which she was entitled when she was promoted. Urban league also retaliated by refusing to provide her with leave when a close family friend, a teenage girl, committed suicide.

30. There is no legitimate business reason justifying Urban League's failure to correct and change the workplace environment, to inexplicably delay her promotion and compensation when she was promoted, or show compassion and allowing Ms. Edwards' leave on the death of her daughter's close friend.

## FIFTH CLAIM

### AGE DISCRIMINATION BY URBAN LEAGUE – IN VIOLATION OF TITLE VII & NEBRASKA FEPA
### (29 U.S.C. § 623; Neb. Rev. Stat. § 48-1104 *et seq.*)

31. Ms. Edwards incorporates by reference paragraphs 1-30, inclusive, as if fully set forth.

32. The Age Discrimination in Employment Act prohibits an employer

> (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;
>
> (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or
>
> (3) to reduce the wage rate of any employee in order to comply with this chapter.

*Id.* at § 623(a)(1), (20, and (3).

11. Ms. Edwards was doing her job responsibilities well, but when she applied for a promotion, Urban league promoted a less experienced 32-year-old male to the position for which she applied.

12. In contrast, Urban League not only failed to promote Ms. Edwards to that same position as director, but when Urban League did promote her to a Director position, it failed to award her the title of Director or the salary to which she was entitled for no less than six (6) months.

### **REQUEST FOR RELIEF**

WHEREFORE, Ms. Edwards requests judgment in her favor and awarding:

1. Damages for Ms. Edwards's lost and future wages for failure to promote;
2. Damages for Ms. Edwards's emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;
3. Damages for Ms. Edwards's out-of-pocket expenses for mental health treatment;
4. Punitive damages for Urban League's knowing violation of federal discrimination laws;
5. Costs and attorney fees; as allowed by law, and
6. Other and further relief as the Court deems appropriate.

**PLAINTIFF MAKES DEMAND FOR TRIAL BY JURY.**

                                                                         KAREN EDWARDS, Plaintiff,

                                        By: /s/ Terry A. White
                                                Terry A. White #18282
                                                **CARLSON BURNETT LLP**
                                                816 s. 169TH Street
                                                Omaha, NE 68118
                                                Direct: (402) 682-8006
                                                Main: (402) 934-5900
                                                *Terry@CarlsonBurnett.com*

                                                *Attorney for Plaintiff*

EEOC Form 161 (11/16)    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**    

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Karen A. Edwards<br>10008 Military Plz<br>Omaha, NE 68134 | From: | St. Louis District Office<br>1222 Spruce Street<br>Room 8.100<br>Saint Louis, MO 63103 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 32E-2016-00718 | Joseph J. Wilson,<br>State & Local Program Manager | (314) 539-7816 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Joseph Wilson* (signature)

James R. Neely, Jr.,
Director

July 24, 2017
*(Date Mailed)*

Enclosures(s)

cc:
Terrance Coleman
Vice President Operations and CFO
URBAN LEAGUE OF NEBRASKA
3040 Lake St
Omaha, NE 68111

Alexis S. Mullaney
CARLSON BURNETT
17525 Arbor St
Omaha, NE 68130