UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KAREN EDWARDS, an Individual, | ) ) ) | CASE NO.:  8:17-cv-266 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL** |
| THE URBAN LEAGUE OF NEBRASKA, INC., a Nebraska Non Profit corporation, | ) ) ) ) | |
| Defendant. | ) ) | |

COMES NOW, the Defendant, The Urban League of Nebraska, Inc., by and through its counsel of record, and for its Answer to Plaintiff's Complaint, hereby states, alleges and denies as follows:

1.  Defendant admits that Plaintiff is a female and was employed by Defendant as Director of Employment and Career Services. Defendant further admits Plaintiff's employment was terminated on or around September 8, 2016. Defendant denies all remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.  Defendant denies the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.  Defendant admits that Plaintiff applied for the position of Director of Youth and Education. Defendant further admits that Tyrone Marshall was offered and accepted the position of Director of Youth and Education. Defendant denies the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.  Defendant admits that Plaintiff was promoted to the position of Coordinator of Career Services in or around June 2015.  Defendant further admits that

Plaintiff was later promoted to the position of Director of Employment and Career Services in or around December 2015. Defendant denies the remaining allegations contained in Paragraph 4, of Plaintiff's Complaint.

5. Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant admits that Plaintiff was placed on a Performance Improvement Plan on or around February 29, 2016. Defendant denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant admits that Plaintiff dual filed a Charge of Discrimination, but denies that there is any merit to such Charge and denies the allegations contained within that Charge. Defendant admits that Plaintiff received a Dismissal and Notice of Rights from the federal EEOC which was mailed on July 24, 2017. Further, the Defendant states that the NEOC's Determination found "no reasonable cause" to believe that discrimination had occurred. Defendant denies all remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. The allegations contained in Paragraph 9 of Plaintiff's Complaint are statements of the Court's jurisdiction and are not factual allegations to which an answer is required. To the extent an answer is required, Defendant admits the Court has jurisdiction over Plaintiff's claims.

10. Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint insofar as they allege that venue is proper in this Court.

11. Upon information and belief, Defendant admits Plaintiff is a citizen and resident of Omaha, Nebraska and is an African-American female. Defendant denies the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint. Paragraph 13 of Plaintiff's Complaint also contains a recitation of provisions of Title VII of the Civil Rights Acts of 1964 ("Title VII") to which no response is necessary. To the extent a response is requested, Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Paragraph 14 of Plaintiff's Complaint contains a recitation of a portion of the Nebraska Fair Employment Practices Act ("NFEPA") to which no response is necessary. To the extent a response is requested, Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant incorporates Paragraphs 1 through 15 of its Answer as though fully set forth herein.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant incorporates Paragraphs 1 through 18 of its Answer as though fully set forth herein.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant incorporates Paragraphs 1 through 22 of its Answer as though fully set forth herein.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant incorporates Paragraphs 1 through 27 of its Answer as though fully set forth herein.

29. Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendant incorporates Paragraphs 1 through 30 of its Answer as though fully set forth herein.

32. Paragraph 32 of Plaintiff's Complaint contains a recitation of a portion of the Age Discrimination in Employment Act ("ADEA") to which no response is necessary. To the extent a response is requested, Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. *Second Paragraph 11*: Defendant denies the allegations contained in the second Paragraph 11 [sic] of Plaintiff's Complaint.

34. *Second Paragraph 12*: Defendant denies the allegations contained in the second Paragraph 12 [sic] of Plaintiff's Complaint.

35. Defendant denies the allegations contained in the Request for Relief in Plaintiff's Complaint and denies that Plaintiff is entitled to any relief requested therein.

36. Defendant denies each and every allegation contained in Plaintiff's Complaint and not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

The Defendant reserves the right to rely upon the following affirmative defenses to the claims asserted in Plaintiff's Complaint to the extent supported by evidence later developed or facts later learned.

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim Upon Which Relief Can Be Granted)**

1.   Plaintiff's Complaint, and each of its purported claims for relief alleged therein, fail to state facts sufficient to constitute any claim for relief under the Title VII, the ADEA, or the Nebraska Fair Employment Practices Act.

## SECOND AFFIRMATIVE DEFENSE

**(Good Faith/Justification and Legitimate Business Necessity)**

2.   Plaintiff's claims, in whole or in part, are barred because all decisions relating to Plaintiff's employment were undertaken in good faith and without malice, were a just and proper exercise of management discretion, were undertaken fairly and honestly with good faith under the circumstances then existing, and were based on legitimate, non-discriminatory and non-harassing reasons unrelated to her alleged race, color, religion, sex, age, and any other prohibited reason.

## THIRD AFFIRMATIVE DEFENSE

**(Employment-Related Decision Based Upon Reasonable Factors)**

3.   Plaintiff's claims, in whole or in part, are barred because Defendant did not discriminate, harass, or retaliate against Plaintiff, and any and all decisions made by Defendant regarding Plaintiff's employment were based on reasonable, lawful, and non-discriminatory factors.

## FOURTH AFFIRMATIVE DEFENSE

**(Failure to Perform)**

4.   Plaintiff's claims, in whole or in part, are barred by her failure to satisfactorily perform her job responsibilities and otherwise conduct herself in accordance with the standards and policies of Defendant.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

5.     Plaintiff's claims, in whole or in part, are barred by her failure to exhaust her administrative remedies.

### SIXTH AFFIRMATIVE DEFENSE

### (Failure to Take Advantage of Harassment Complaint Procedure)

6.     To the extent Plaintiff's Complaint asserts a claim of hostile environment, Defendant exercised reasonable care to prevent and correct promptly any harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

### (No Failure to Prevent Discrimination or Harassment)

7.     Plaintiff's claims, in whole or in part, are barred because Defendant did not fail to prevent discrimination or harassment against Plaintiff, and any and all decisions made by Defendant regarding Plaintiff's employment were based on reasonable, lawful and non-discriminatory factors.

### EIGHTH AFFIRMATIVE DEFENSE

### (Employment At-Will)

8.     Plaintiff's claims, in whole or in part, are barred because Plaintiff was an at-will employee.

### NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

9.     Plaintiff has failed to mitigate or make reasonable attempts to mitigate her damages, if any.

### TENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

10. Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Estoppel/Laches/Unclean Hands)

11. Plaintiff's claims, in whole or in part, are barred under the doctrines of estoppel, laches, and/or unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

12. Plaintiff's claims, in whole or in part, are barred by the doctrine of after-acquired evidence.

WHEREFORE, Defendant, having fully answered, requests that this Court dismiss Plaintiff's Complaint with prejudice and award Defendant its costs and expenses, including, to the extent recoverable, attorney's fees incurred in the matter and grant such other relief as this Court deems just and proper.

### RIGHT TO AMEND AFFIRMATIVE DEFENSES

Defendant has no independent knowledge, as of the filing of this Answer, of all facts allegedly constituting the causes of action in the Complaint, and based thereon, hereby respectfully requests leave of this Court to amend this Answer to include those affirmative defenses that are revealed during the course of discovery.

### DEMAND FOR JURY TRIAL

Defendant requests a jury trial on all matters asserted in Plaintiff's Complaint and Defendant's Answer, Affirmative Defenses, and Demand for Jury Trial.

DATED this 6th day of October, 2017.

        The Urban League of Nebraska, Inc., a Nebraska Non Profit corporation, Defendant.

BY: *Kathryn A. Dittrick*
Kathryn A. Dittrick, #23513
Sarah L. (Sally) McGill, #24790
FRASER STRYKER PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102-2663
(402) 341-6000
kdittrick@fraserstryker.com
smcgill@fraserstryker.com
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served by regular United States Mail, postage prepaid, this 6th day of October, 2017, to:

Terry A. White
Carlson Burnett LLP
816 South 169th Street
Omaha, NE 68118

*Kathryn A. Dittrick*

1744252.01