IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KAREN EDWARDS, an individual;

    Plaintiff,

vs.

THE URBAN LEAGUE OF NEBRASKA, INC., a Nebraska Non Profit corporation;

    Defendant.

8:17CV266

**ORDER**

This matter is before the Court on Plaintiff's Motion to Exclude Defendant's Previously Undisclosed Witnesses ([Filing No. 46](#)). The motion will be granted, in part.

## DISCUSSION

Plaintiff seeks an order excluding four of Defendant's potential witnesses from testifying at trial. Plaintiff argues that Defendant failed to timely disclose these witnesses in its Federal Rule of Civil Procedure 26(a) disclosures. Alternatively, Plaintiff requests that she be given leave to depose these witnesses and identify any additional witnesses needed to rebut Defendant's new witnesses' testimony.

Plaintiff contends that the four witnesses at issue were identified for the first time in Defendant's March 21, 2019 Second Supplemental Rule 26(a) disclosures. ([Filing No. 46-4](#).) On the same day these Second Supplemental disclosures were provided to Plaintiff, Defendant served its proposed witness list for trial which identified these four individuals as potential trial witnesses.

Plaintiff claims she will be prejudiced if these individuals are allowed to testify at trial because the deposition deadline has passed and, therefore, she no longer has the ability to depose them. Plaintiff contends that if Defendant had timely disclosed these individuals, she would have conducted additional discovery to ascertain what specific knowledge they possess.

Defendant argues that Plaintiff will not be prejudiced because the witnesses have been known to Plaintiff throughout this litigation. Defendant represents that two of the witnesses were supervised by Plaintiff while she worked for Defendant, and another is Defendant's current employee with whom Plaintiff worked directly. The fourth witness is an Investigator with the Nebraska Equal Opportunity Commission who interviewed Plaintiff regarding the allegations in Plaintiff's Charge of Discrimination. Defendant also points out that one of the witnesses was actually included in Plaintiff's Rule 26(a) initial disclosures.

Defendant further contends that the fact that Plaintiff chose not to depose any individuals identified in Defendant's initial Rule 26(a) disclosures casts doubt upon Plaintiff's claim that she would have deposed the witnesses at issue. However, Defendant has no objection to Plaintiff deposing the witnesses and has provided Plaintiff with the last known contact information for these individuals.

Federal Rule of Civil Procedure 26(a) requires that a party, without waiting a discovery request, provide the name, address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment. [Fed. R. Civ. P. 26(a)](). When a party fails to provide information or identify a witness in compliance with Rule 26(a), the court "has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case." [*Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008)](). However, the pretrial disclosure rule should be applied "flexibly and pragmatically on an individualized basis." [*Tracey v. St. Jude Medical S.C., Inc.*, No. 8:14CV198, 2016 WL 4735024, at *2 (D. Neb. Sept. 9, 2016)](). "Exclusion of evidence is a harsh penalty, and should be used sparingly." [*ELCA Enters. v. Sisco Equip. Rental & Sales*, 53 F.3d 186, 190 (8th Cir. 1995)]().

The Court will not preclude the four witnesses from testifying at trial. However, in so ruling, the Court does not condone Defendant's behavior in supplementing its Rule 26(a) disclosures to first identify the four witnesses and then simultaneously listing the individuals on its witness list. It is this Court's expectation that supplementation be done in a timely manner. Nevertheless, *in this case*, there has been no showing that Defendant's actions caused Plaintiff to

suffer any unfair surprise. Plaintiff has been aware of the four witnesses and their roles throughout this litigation.

As to the issue of prejudice, the Court agrees Plaintiff would be prejudiced if these individuals were allowed to testify at trial because she has not had an opportunity to depose them. Any prejudiced can be cured by re-opening discovery and allowing Plaintiff to depose these individuals. Therefore, the Court will grant Plaintiff's alternative request for leave to depose the witnesses. Plaintiff will be given forty-five (45) days to complete this task. The pretrial conference and trial will be rescheduled to accommodate Plaintiff's additional discovery.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion to Exclude Defendant's Previously Undisclosed Witnesses ([Filing No. 46](Filing No. 46)) is granted in part and denied in part as set out above.

2. Plaintiff shall complete the depositions of the four witnesses by May 31, 2019.

3. Non-expert witness must be disclosed, in accordance with the Court's amended progression order ([Filing No. 18](Filing No. 18)), by May 31, 2019.

4. Trial exhibits must be disclosed, in accordance with the Court's amended progression order ([Filing No. 18](Filing No. 18)), by May 31, 2019.

5. Motions in limine, other than those challenging the admissibility of expert testimony at trial, must be filed by June 6, 2019.

6. The Final Pretrial Conference will be held at 11:00 a.m. on June 18, 2019, in chambers, 111 South 18th Plaza, Suite, 2271, Roman L. Hruska United States Courthouse, Omaha,

Nebraska. The proposed pretrial order must be emailed to bazis@ned.uscourts.gov no later than 12:00 p.m. on June 13, 2019.

7. Trial will commence, at the Court's call, during the week of July 15, 2019 before the Honorable Joseph F. Bataillon.

Dated this 16th day of April, 2019.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge