IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KAREN EDWARDS, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>THE URBAN LEAGUE OF NEBRASKA, INC., a Nebraska Non-Profit corporation;<br><br>Defendant. | 8:17CV266<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the parties' motions in limine, Filing No. 59 and 62.

I. LAW

Although the motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings, performing a gatekeeping function and sharpening the focus for later trial proceedings, some evidentiary submissions, cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine is appropriate for "evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Id.* In some instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate the impact of the evidence on the jury. *Id.* The Eighth Circuit has noted that "[e]videntiary rulings made by a trial court during motions in limine are preliminary and may change depending on what actually happens at trial." *Walzer v. St. Joseph State Hosp.*, 231 F.3d 1108, 1113 (8th Cir. 2000).

The Eighth Circuit has also "cautioned ... about the harmful effects of blanket evidentiary exclusions in discrimination cases." *Callanan v. Runyun*, 75 F.3d 1293, 1297-98 (8th Cir. 1996).

The primary purpose of the pretrial witness disclosure rule is to give parties notice of who will be called to testify, thereby avoiding unfair surprise or prejudice at trial. *Morfeld v. Kehm*, 803 F.2d 1452, 1455 (8th Cir. 1986). The rule should be applied flexibly and pragmatically and should seldom be used to bar a party's use of a witness not disclosed unless bad faith is involved. *Id.* at 1456.

"Exclusion of evidence is a harsh penalty, and should be used sparingly." *ELCA Enters v. Sisco Equip. Rental & Sales*, 53 F.3d 186, 190 (8th Cir. 1995); *see also Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (describing factors to consider in deciding whether to exclude witness testimony for nondisclosure).

Under Federal Rule of Evidence 701 "a lay witness may testify about facts within his or her range of generalized knowledge, experience, and perception." *United States v. Johnson*, 688 F.3d 494, 503 (8th Cir. 2012) (quoting *United States v. Espino*, 317 F.3d 788, 797 (8th Cir. 2003)). If the witness testifying is not doing so as an expert, then any testimony expressing the witness's opinion or inferences is limited to those that "'are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' [sic] testimony or the determination of a fact in issue.'" *United States v. Oslund*, 453 F.3d 1048, 1058–59 (8th Cir. 2006) (quoting Fed. R. Evid. 701 (1998)). "Personal knowledge or perceptions based on experience is a sufficient foundation for such testimony." *Id.* (quoting *In re Air Crash At Little Rock Ark.*, 291 F.3d 503, 515 (8th

2

Cir. 2002)). Lay testimony in the form of legal conclusions, however, is inadmissible, because it does not "help" the jury. *United States v. Noel*, 581 F.3d 490, 496 (7th Cir. 2009); *see also Cowden v. BNSF Ry. Co.*, 980 F. Supp. 2d 1106, 1117–18 (E.D. Mo. 2013). Credibility is an issue for the factfinder at trial. *United States v. Vesey*, 338 F.3d 913, 917 (8th Cir. 2003).

The Eighth Circuit Court of Appeals recognizes that "[m]isconduct involving violations of narcotics laws is not an act involving dishonesty or untruthfulness and therefore may not be inquired into under Federal Rule of Evidence 608(b)." *United States v. Turner*, 104 F.3d 217, 223 (8th Cir. 1997). Nevertheless, some federal Circuit Courts of Appeals have recognized that evidence of a witness's drug use may be appropriate on cross-examination, as it bears directly on the witness's ability to perceive or recall events or to testify accurately about them. *See, e.g., United States v. Robinson*, 583 F.3d 1265, 1272, 1274–75 (10th Cir. 2009); *Kunz v. DeFelice*, 538 F.3d 667, 677 (7th Cir. 2008) (explaining that evidence of drug use may be used to impeach a witness's recollection of events but not for the impermissible "inference that drug users tend to lie"). "Evidence that a witness has used illegal drugs may be probative of the witness's 'possible inability to recollect and relate,'" but such evidence may be admitted only "where the memory or mental capacity of a witness is legitimately at issue." *United States v. Cameron*, 814 F.2d 403, 405 (7th Cir. 1987) (quoting *United States v. Banks*, 520 F.2d 627, 631 (7th Cir. 1975)); *see, e.g., Sec. Nat'l Bank of Sioux City v. Abbott Labs.*, No. C 11-4017-MWB, 2013 WL 12140998, at *11 (N.D. Iowa Aug. 13, 2013). "[T]here is considerable danger that evidence that a witness has used illegal drugs may so prejudice

3

the jury that it will excessively discount the witness' testimony." *Id.* (noting that a court must "be chary in admitting such evidence when it is offered for the sole purpose of making a general character attack."). *Sec. Nat'l Bank of Sioux City, Iowa v. Abbott Labs., No. C 11-4017-MWB, 2013 WL 12140998, at \*11 (N.D. Iowa Aug. 13, 2013).*

II. DISCUSSION

    A. Defendant's Motions in Limine (Filing No. 59)[1]

        1. The Urban League's motions in limine (Nos. 1-4) to exclude:

        (a) any exhibits containing expert opinions that were not included in an expert witness disclosure, including Plaintiff's Proposed Exhibits 31, 32, 42, 43, 44, 45, 46, and 47;

        (b) Any reference to expert opinions that were not included in an expert witness disclosure;

        (c) any testimony from witnesses plaintiff did not previously identify, pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), as individuals having discoverable information plaintiff may use to support her claims in her Rule 26(a) Disclosures; and

        (d) any exhibits, documents, or information responsive to defendant's discovery requests that the plaintiff did not previously disclose, or that the plaintiff did not disclose pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), in her Rule 26(a) Disclosures as documents she may use to support her claims, including plaintiff's proposed Exhibits 1, 3, 4, 5, 8, 9, 10, 11, 12, 18, 30, 31, 32, 35, 37, 38, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49.

The Urban League argues that Edwards has not designated any expert witness to opine regarding her medical condition, treatment, or diagnoses, but apparently seeks to introduce medical testimony through her medical records and notes from treatment

---

[1] Plaintiff does not oppose exclusion of evidence set out in defendant's motions 5, 8, 9, 10, 11, 15 and 16 and those issues will not be addressed.

4

providers. It contends such records are unauthenticated hearsay and should be excluded.

In response, the plaintiff argues that Exhibits 31 and 32 are notes from her physician to the Urban League and were part of Ms. Edwards's personnel file. Additionally, she states she will offer the exhibits for the limited purpose of showing that ULN had notice of her disability, not for purposes of proving or substantiating any medical diagnosis. Moreover, she offers to withdraw the remaining challenged exhibits (Nos. 42 through 47), provided the defendant is similarly precluded from introducing Ms. Edwards' medical records in lieu of undisclosed expert testimony.

The defendant next argues that notice of a purported disability is not at issue in this case and argues that Exs. 31 and 32 contain previously undisclosed expert witness testimony on which Defendant has had no opportunity for cross-examination. It seeks exclusion of the exhibits, but states that if the plaintiff is permitted to offer the exhibits, the Urban League will request a limiting instruction. Further, the defendant opposes the plaintiff's suggestion that the defendant should be precluded from introducing portions of medical records, arguing that such evidence is permissible impeachment evidence and may contain admissible admissions against a party opponent.

The Court first finds that neither party has designated an expert witness, therefore no expert testimony will be permitted. Further, the relevance of the challenged medical evidence is difficult to discern in the context of a pretrial motion. A cautionary or limiting instruction may be warranted, but the Court cannot determine the ambit of such an instruction at this time. The Court finds the parties' concerns can be adequately resolved

5

at trial, either in a hearing immediately prior to commencement of the trial or as an objection with a sidebar. Accordingly, the Court finds that the defendant's motions in limine Nos. 1-4 should be denied at this time, without prejudice to reassertion.

With respect to the evidence that is challenged for failure to disclose, the defendant contends the plaintiff must show that the failure to disclose in Federal Rule of Civil Procedure 26 disclosures was substantially justified or is harmless. It contends the plaintiff's failure to identify the exhibits as on her disclosures has resulted in prejudice in that the defendant was unaware that the plaintiff intended to use the broad range of documents at trial.

The plaintiff asserts that all of these documents were produced in discovery, and most identified documents were produced by the defendant. She contends the defendant has had most of these documents for several years and has had all the documents the plaintiff produced for at least eight months.

The Court finds the motion should be denied at this time. The defendant has not shown any unfair surprise or prejudice. It appears the Urban League has been in possession of, or aware of, the evidence for some time. The Court knows of no authority for the proposition that evidence is subject to exclusion if not disclosed in initial disclosures, if in fact disclosed and produced in discovery. The Urban League has not shown the alleged omissions caused it to suffer any "unfair surprise or prejudice at trial." *Morfeld*, 803 F.2d at 1455. The Court is inclined to admit the challenged testimony on a proper showing of foundation and relevance, and the motion will be denied at this time without prejudice to reassertion.

6

2. The Urban League's motions in limine (Nos. 6-7) to exclude:

(a) any evidence or reference to purported "harassment;" and

(b) reference to the plaintiff's purported disability or serious health condition, including Plaintiff's Proposed Exhibits 31, 32, 42, 43, 44, 45, 46, and 47.

The defendant moves to exclude these topics for the same reasons asserted in its motion for partial summary judgment. In her brief, the plaintiff states that she does not oppose defendant's motions 6 and 7, but later contends the evidence of harassment is relevant. The defendant argues that the Court's dismissal of any purported harassment claim means that any evidence or argument regarding purported harassment should be excluded.

To the contrary, the Court has denied the motion for summary judgment with respect to the plaintiff's disability claim and found that the plaintiff had no freestanding claim for harassment, noting however, that evidence of allegedly harassing conduct could be relevant to the plaintiff's other claims. Consistent with the Court's ruling on the summary judgment motion, evidence that relates to the topics of harassment and disability may be relevant. The Court will deny the motion without prejudice to timely objections to specific testimony or evidence at trial.

3. Defendant's motion in limine (Nos. 12 to 14) to exclude:

(a) any testimony by the plaintiff as to her subjective belief that Defendant discriminated against her or retaliated against her; and

(b) any testimony by Plaintiff as to her subjective belief that Defendant retaliated against her; and

(c) any subjective witness opinions of whether Defendants treated the Plaintiff unfairly or in violation of the law.

Though the defendant concedes the plaintiff and other witnesses may testify regarding observations, it contends subjective opinions regarding whether the defendant's conduct amount to discrimination or retaliation are strictly within the purview of the jury's determination. It argues the potential prejudicial effect of such subjective beliefs outweighs the probative value of the subjective beliefs.

Again, the Court is unable to evaluate the relevance of the challenged evidence in the context of a pretrial motion. The Court will admit the evidence at issue only on a showing that it is relevant to the issues in the case, is based on personal knowledge, and only to the extent that the relevance of the evidence outweighs its potential to cause prejudice or confusion under Fed. R. Evid. 403. Also, witnesses will not be allowed to testify to things that invade the province of the jury. Accordingly, the Court finds that the motion in limine should be overruled at this time, without prejudice to its reassertion via timely objection to the admissibility of such evidence at trial.

III.  Plaintiffs Motion in Limine (Filing No. 62)

    A.  Plaintiff's Motion in Limine to exclude evidence of the plaintiff's drug use.

The plaintiff argues that the evidence is inadmissible as improper character evidence and is irrelevant to any issues in the case. Plaintiff has shown that the Urban League's drug-free workplace policy prohibits possession or illegal use of drugs or alcohol at any time on the Urban League's premises or in the conduct its business, but drug use off premises or during non-working hours is prohibited if it affects an individual's job performance. Filing No. 62-3, Ex. A-2. She argues that the evidence of prior drug use, if relevant as after-acquired evidence that would limit front pay damages, became known

to the defendant in October 2018. She offers to stipulate to her lost wage damages ending on that date.

The defendant contends evidence of Edwards's alleged prior drug use is relevant in that it relates to the plaintiff's perception or memory during the relevant time period. It argues the jury should be allowed to consider the plaintiff's alleged drug use in considering her testimony. The defendant concedes, however, that it does not intend to offer evidence of the plaintiff's drug use to prove she has a character for untruthfulness.

The challenged evidence consists of physicians' or healthcare professionals' progress notes that indicate that Edwards reported a history of occasional cannabis and cocaine use in 2013 and reported in early 2016 that she uses cannabis on occasion to help with her stress. Filing No. 67-1, Ex. A-1. There is no evidence to suggest Ms. Edwards was a drug addict or chronic drug user, or that she was under the influence of any illegal drugs at any time while she was at work. On this record, the Court finds no evidence sufficient to suggest that any alleged drug use either affected her performance at work or her ability to testify accurately about events relative to the case. In contrast, in the case relied on by the defendant, *Security Nat'l Bank of Sioux City v. Abbott Labs., No. C 11-4017-MWB, 2013 WL 12140998* at *10-11, a jury was allowed to hear evidence of a chronic, admitted drug user's illicit drug use because the court determined such use "was sufficient—that is, both sufficiently close in time to the incidents about which he will likely testify and sufficiently frequent and/or continuous . . . to raise a jury question about the effects of his drug use on his ability to remember and testify accurately about events relevant to this case." *Id.* The evidence presented herein does not involve frequent or

continuous drug use; the 2013 episode is attenuated from the relevant events and the single 2016 mention of some cannabis use, though closer temporally, is not of sufficient probative value to override the prejudice attendant to an admission of illicit drug use. In short, the Court has not been presented with evidence that creates a question on whether Edwards's alleged drug use affect he ability to remember and testify accurately about the events at issue. Accordingly, the Court finds the plaintiff's motion in limine should be granted with respect to the plaintiff's drug use.

> B. Plaintiff's Motion in Limine to exclude evidence regarding the Nebraska Equal Opportunity Commission's ("NEOC") determinations for her charges of discrimination.

The plaintiff argues that the determination of whether the NEOC evidence are to be admitted or excluded is left to the exercise of the sound discretion of the trial court. She states, however, that there is little probative value in the NEOC's conclusory statements and argues that admission of the report would amount to admitting the opinion of an expert on what conclusion the jury should draw, even though the jury will have the opportunity to draw its own conclusions based on the same evidence.

The Urban League states that it does not intend to offer the NEOC determinations at trial but notes the determinations may be necessary for impeachment evidence or as admissions.

The Court is not inclined to admit NEOC determinations because they are generally conclusory, and admission necessitates taking of additional evidence to apprise jury of nature and extent of the EEOC investigation, thereby lengthening the trial. *See Johnson v. Yellow Freight Sys., Inc.*, 734 F.2d 1304 (8th Cir. 1984). However, as it relates

party admissions and impeachment evidence, the Court is unable to rule without a better understanding of the testimony or evidence and the purpose for which it is offered. Accordingly, the motion will be denied without prejudice to reassertion.

IT IS ORDERED that the parties' motions in limine (Filing Nos. 59 and 62) are granted in part and denied in part, as set forth in this order.

Dated this 10th day of July 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge