IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KAREN EDWARDS, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>THE URBAN LEAGUE OF NEBRASKA, INC., a Nebraska Non-Profit corporation;<br><br>Defendant. | 8:17CV266<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the defendant's motion for attorney fees, Filing No. 103. This action for discrimination in employment was tried to a jury from July 15, 2019 to July 18, 2019, resulting in a verdict in favor of the defendant. Filing No. 97.

The plaintiff originally alleged race discrimination, sex discrimination, age discrimination, disability discrimination, violation of the Family Medical Leave Act, 29 U.S.C. § 2614 ("FMLA") and the Nebraska Fair Employment Practices Act ("NFEPA"), Neb. Rev. Stat. § 48-1101, retaliation for complaining about illegal activity, and retaliation for filing a charge of discrimination. Ms. Edwards stipulated to dismissal of several of these claims prior to Urban League filing its Motion for Summary Judgment and indicated she would not pursue the remaining claims in her Trial Brief.

Defendant seeks fees for defending against the claims that the plaintiff claims Ms. Edwards voluntarily dismissed. The plaintiff argues that the defendant's motion is untimely and also argues that the defendant is not entitled to attorney fees.

Generally, litigants are responsible for payment of their own attorneys' fees. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 415 (1978); *Advantage Media LLC*

*v. City of Hopkins*, 511 F.3d 833, 836 (8th Cir. 2008). Courts may award attorneys' fees to Title VII plaintiffs under special circumstances, however, "but may not award attorneys' fees to prevailing Title VII defendants except in narrow circumstances." *Marquart v. Lodge 837, Int'l Ass'n of Machinists*, 26 F.3d 842, 849 (8th Cir. 1994). A district court has discretion to award attorneys' fees to a prevailing defendant only if the plaintiff's action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith," or if the plaintiff "continued to litigate after it clearly became so." 42 U.S.C. § 2000e–5(k); s*ee Christiansburg*, 434 U.S. at 421–22. "[A] court may not[, however,] award attorneys' fees solely because the plaintiff did not prevail." *Marquart*, 26 F.3d at 849 (alterations added).

The defendant bears the burden of showing attorneys' fees are appropriate. *See Christiansburg*, 434 U.S. at 422. The policy considerations that support the award of fees to a prevailing plaintiff are not present in the case of a prevailing defendant. *Id.* "[M]ore rigorous standards apply for fee awards to prevailing defendants than to prevailing plaintiffs." *Davis v. City of Charleston*, 917 F.2d 1502, 1504 (8th Cir. 1990).

The Court finds that an attorney's fee award to defendant is not warranted. The plaintiff initially asserted a factual basis for the claims it later dismissed. There remained disputed issues of fact on several claims throughout the litigation. Though her claims may have been thin, the Court does not find they were wholly frivolous or unreasonable. The fact that some claims were ultimately dismissed is not dispositive of their merit. The plaintiff agreed to dismiss her failure to promote claims before summary judgment, and she may have voluntarily dismissed additional claims leading up to trial in

an effort to streamline issues. See *Obin v. Dist. No. 9 of Int'l Ass'n of Machinists*, 651 F.2d 574, 587 (8th Cir. 1981) (stating that as long as the plaintiff has "some basis" for the discrimination claim, a prevailing defendant may not recover attorneys' fees). Further, the defendant has not been prejudiced by the late dismissals since the discovery and evidence with respect to the dismissed claims essentially overlaps the evidence that related to the claim that was ultimately tried. In view of this disposition, the Court need not address the timeliness of the motion. Accordingly,

IT IS ORDERED:

1. The defendant's motion for attorney fees is denied.

Dated this 21st day of October, 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge